IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BMO CAPITAL MARKETS CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 C 6071 |
| | ) | |
| McKINLEY MEDICAL LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff/Counter-Defendant BMO Capital Markets Corp.'s ("BMO") motion to dismiss the counterclaim of Defendant/Counter-Plaintiff McKinley Medical LLC ("McKinley"). For the reasons stated below, we grant in part and deny in part the motion to dismiss the counterclaim.

## BACKGROUND

BMO alleges that in August 2005, BMO was hired by McKinley to be the exclusive financial advisor for McKinley and its affiliate companies in matters concerning a sale or merger. According to BMO, the advisor contract with McKinley was memorialized in an engagement letter ("Engagement Letter"). BMO states that the Engagement Letter included a section that provided that BMO would

receive a "Success Fee" if the merger or sale transaction were to involve certain entities such as Moog, Inc. ("Moog"). (Compl. Par. 21). BMO alleges that if Moog was involved in the merger or sale, the section provided that the "Success Fee shall not be less than $650,000." (Compl. Par. 21). BMO claims that it provided McKinley with financial advice, including assisting McKinley in closing a merger of its affiliate companies into Moog.

BMO alleges that McKinley paid BMO the base fee of $25,000 owed in accordance with the Engagement Letter, but that McKinley refused to pay BMO a $625,000 success fee after subtracting the $25,000 base fee. BMO brought the instant action and includes in the complaint a breach of contract claim.

McKinley filed an answer to the complaint, which includes a counterclaim. McKinley alleges that BMO breached its obligations under the Engagement Letter by failing to identify a buyer that was interested in purchasing McKinley's assets and by being "negligent and ineffectual in consummating the sale of all of McKinley's business to Moog." (CC Par. 11). BMO also allegedly refused to properly help McKinley locate a buyer because it "would require more effort than BMO was willing to expend." (CC Par. 14). McKinley states that, due to BMO's alleged lack of diligence in finding a buyer, McKinley terminated the Engagement Letter and was forced to search for a buyer on its own and complete the merger with Moog. BMO now moves to dismiss the counterclaim.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail. . . [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief."). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements

comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

## DISCUSSION

BMO argues that McKinley's counterclaim is a negligence claim and that the requested relief for the claim is economic damages. BMO argues that under the economic loss doctrine, McKinley is precluded from recovering economic damages for a negligence claim. *See First Midwest Bank, N.A. v. Stewart Title Guar. Co.*, 843 N.E.2d 327, 333 (Ill. 2006)(quoting *Moorman Mfg. Co. v. Nat.'l Tank Co.,* 435 N.E.2d 443 (Ill. 1982) for the proposition that "a party 'cannot recover for solely economic loss under the tort theories of strict liability, negligence and innocent misrepresentation'"). McKinley does not dispute BMO's recitation of the law regarding the economic loss doctrine. However, McKinley indicates that it is not pursuing a negligence claim in its counterclaim. (Ans. 1). Rather, McKinley states that it intends to pursue a breach of contract claim in its counterclaim and asks for leave in the alternative to amend its counterclaim.

4

A. Negligence Counterclaim

McKinley claims that it did not intend to plead a negligence counterclaim. However, McKinley's depiction of its counterclaim as a purely breach of contract counterclaim is not entirely accurate. In the counterclaim McKinley does more than simply mention the word "negligence." McKinley specifically alleges that BMO was "negligent" in performing its duties under the Engagement Letter. (CC Par. 11). McKinley also alleges that "[b]ut for BMO's negligence and breach of duty in its handling of McKinley's relationship with Moog, Inc., McKinley and Moog, Inc. would likely have consummated the sale of McKinley's entire business for the $36,000,000 offered by Moog, Inc. before BMO became involved." (CC Par. 19). Thus, McKinley has specifically referenced several of the elements for a negligence claim. *See Pavlik v. Wal-Mart Stores, Inc.*, 753 N.E.2d 1007, 1010 (Ill. App. Ct. 2001)(stating that "[t]o recover on a negligence claim, the plaintiff must establish the existence of a duty owed by the defendant, a breach of that duty, and an injury proximately resulting from that breach"). McKinley thus clearly pled a negligence claim in the counterclaim. McKinley concedes that based on the relief it seeks, a negligence claim cannot succeed under the economic loss doctrine and McKinley has also voiced its intention not to pursue such a claim in this case. Therefore, we grant BMO's motion to dismiss the negligence counterclaim.

B. Breach of Contract Counterclaim

Although, we granted the motion to dismiss the negligence counterclaim, that does not necessarily mean that McKinley has failed to state any claim in its counterclaim. McKinley argues that it intended to plead a breach of contract counterclaim and requests leave in the alternative to amend its counterclaim. Although, as is indicated above, McKinley's counterclaim contains allegations that clearly show that a negligence claim is pled, the allegations likewise show that a breach of contract claim is pled as well. The claim or claims pled by a plaintiff in a complaint or counterclaim are determined by examining the allegations contained therein. *See Sanjuan*, 40 F.3d at 251 (explaining that "[o]ne pleads a 'claim for relief' by briefly describing the events"). McKinley alleges in its counterclaim that it entered into the agreement with BMO under which BMO was to assist in a sale or merger. (CC Par. 5-6). McKinley also alleges that "[u]nder the terms of the Engagement [L]etter, BMO had a duty to use its best efforts to consummate a sale or merger with Moog" and that "BMO breached that duty by failing to use its best efforts. . . ." (CC Par. 9). Finally, McKinley accuses BMO of being "ineffectual in consummating the sale of all of McKinley's business to Moog." (CC Par. 11). Thus, McKinley clearly identifies a contractual relationship and ties the alleged deficiencies in BMO's conduct to alleged breaches of BMO's obligations under the contract. Such allegations are sufficient to state a breach of contract claim. Therefore, we deny BMO's motion to dismiss the breach of contract counterclaim.

BMO argues that McKinley should be made to replead its counterclaim and "properly state all of the breach of contract elements." (Reply 4). However, such an

exercise by McKinley is unnecessary since McKinley has already successfully pled a breach of contract claim under the federal notice pleading standard. *Sanjuan*, 40 F.3d at 251. Therefore, we deny McKinley's request in the alternative to amend its counterclaim as moot.

## CONCLUSION

Based on the foregoing analysis, we grant BMO's motion to dismiss the negligence counterclaim and deny the motion to dismiss the breach of contract counterclaim. We also deny McKinley's request to amend the counterclaim as moot.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 29, 2007